## R. R. HAMLIN v. THE STATE.

### No. 6654. Decided February 15, 1922.

#### Intoxicating Liquors—Possessing Equipment for the Manufacture of.

Where the verdict of the jury and the court's judgment were based upon the offense of the possession of equipment for the manufacture of liquor, the judgment must be reversed and the cause dismissed as there is no such offense under the present law.

Appeal from the District Court of Donley.    Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of the possession of equipment for the manufacture of intoxicating liquors; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*W. T. Link* and *E. A. Simpson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE. Appellant was convicted in the District Court of Donley County of the offense of possessing equipment for the manufacture of intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The indictment against appellant contained three counts, one charging the possession of intoxicating liquor, one charging the manufacture of such liquor, and the third charging the possession of equipment for the manufacture of such liquor. All three counts were submitted to the jury by the charge of the court. The verdict of the jury and the court's judgment were based upon the offense charged in the third count. Under all our decisions this would be tantamount to a verdict of acquittal of the offenses charged in the first and second counts. The law making possession of equipment for the manufacture of intoxicating liquor having been repealed by the Acts of the Special Session of the Thirty-seventh Legislature amending the Dean Law, we have no option but to reverse the instant case and order a dismissal, which will be done.

*Reversed and Dismissed.*